IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60065
Conference Calendar
_____

LOUIS JAMES CLAY, JR.,

                                        Plaintiff-Appellant,

versus

WILKINSON CO. BOARD OF SUPERVISORS;
LILLIE B. SANDERS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:00-CV-261-BrS
--------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Louis James Clay, Jr., Mississippi inmate #08452, proceeding
*pro se* and *in forma pauperis* ("IFP") appeals the district court's
dismissal of his IFP civil rights complaint pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(iii) for seeking monetary relief against a
defendant who is immune from such relief.  Clay asserts that he
brought an actionable 42 U.S.C. § 1983 claim and that the
district court erred by dismissing his complaint without
affording Clay the opportunity to present proof of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

allegations. He states that public officials can be sued for monetary damages. Clay asserts for the first time that the district court judge should have been recused from the proceedings.

Section 1915(e)(2)(B) requires a district court to dismiss an IFP complaint at any time if the court determines that such complaint "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

Because Clay did not move for recusal in the district court our review of his assertion that the district court should have been recused is for plain error only. See Douglass v. United Servs. Auto. Assn, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc). This claim would require resolution of factual issues and cannot rise to the level of plain error. See United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995).

Judges are absolutely immune from civil suit for damages for actions taken within their judicial capacity. Brewer v. Blackwell, 692 F.2d 387, 396 (5th Cir. 1982). Clay does not allege that Judge Lillie B. Sanders acted in the absence of jurisdiction or in a non-judicial capacity, and she is absolutely immune in this action for damages because her rulings were undertaken in her judicial role. Clay has not briefed his claims against the Wilkinson County Board of Supervisors. Those claims are therefore considered to be abandoned. See Fed. R. App. P.

28(a)(9); <u>Grant v. Cuellar</u>, 59 F.3d 523, 524 (5th Cir. 1995);

<u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993).

Accordingly, Clay's appeal is DISMISSED as frivolous.  <u>See</u>

5TH CIR. R. 42.2.

The dismissal of Clay's complaint as frivolous and the

dismissal of this appeal as frivolous each count as a strike for

purposes of 28 U.S.C. § 1915(g).  <u>See</u> <u>Patton v. Jefferson</u>

<u>Correctional Ctr.</u>, 136 F.3d 458, 462-64 (5th Cir. 1998); <u>Adepegba</u>

<u>v. Hammons</u>, 103 F.3d 383, 385-87 (5th Cir. 1996).  We caution

Clay that once he accumulates three strikes, he may not proceed

<u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal filed while he is

incarcerated or detained in any facility unless he is under

imminent danger of serious physical injury.  <u>See</u> 28 U.S.C.

§ 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) WARNING ISSUED.