**REVISED, March 16, 1998**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

NO. 97-30547
_____

JOHN W. PATTON,

Plaintiff-Appellant,

versus

JEFFERSON CORRECTIONAL CENTER; HARRY LEE, Sheriff of Jefferson
Parish; ERNEST V. RICHARDS, IV, Judge, Division B;
KAREN MORGEN, Assistant District Attorney; PAT HAND, III,
Assistant District Attorney; and SUSAN D. RUSHING, Lt. Detective,
JPSO,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
_____

March 13, 1998

Before JONES and SMITH, Circuit Judges, and FITZWATER, District
Judge.[*]

FITZWATER, District Judge:

We decide in this appeal whether dismissal of a 42 U.S.C. §
1983 action as frivolous is a strike within the meaning of the
"three strikes" provision of the Prison Litigation Reform Act of
1995 ("PLRA"), 28 U.S.C. § 1915(g), when the suit is also construed
to allege a habeas claim and is in part dismissed without prejudice
for failure to exhaust state court remedies.  Because we hold that

_____

[*]District Judge of the Northern District of Texas, sitting by
designation.

it is a countable strike, and because under this interpretation of § 1915(g) plaintiff had three strikes prior to filing this appeal, we conclude that he is precluded from appealing *in forma pauperis* ("IFP"), and we dismiss.[2]

I

Plaintiff John W. Patton ("Patton"), Texas prisoner # 751103, brought this § 1983 action, alleging that his constitutional rights were violated when prison officials placed him in administrative segregation after they were advised that he had written a threatening letter.[3]  Patton sued six defendants, including a sheriff, a state judge, two assistant district attorneys, and Susan D. Rushing ("Detective Rushing"), a detective employed by the Jefferson Parish Sheriff's Office.  He maintained that Detective Rushing and another individual had fabricated the threatening correspondence for the purpose of interfering with child custody proceedings in which he was involved.  According to Patton, he missed a court hearing because he had been placed in lockdown.

The district court dismissed Patton's claims against all defendants except Detective Rushing.  The magistrate judge recommended that the action against the detective be administratively closed, without prejudice to reopening the case following Patton's release from Texas custody.  The district judge

[2]We reserve the larger question whether, under the plain language of § 1915(g), a frivolous habeas claim by itself counts as a strike for purposes of § 1915(g).

[3]At the time he filed suit, Patton was an inmate confined at the Jefferson Parish Correctional Center located in Gretna, Louisiana.

adopted the recommendation, stayed the case against Detective Rushing, and administratively closed the action subject to Patton's right to reopen it within 30 days of his release. Patton appealed, and we vacated and remanded the indefinite stay order for reconsideration. *Patton v. Jefferson Correctional Ctr.*, No. 95-31055, 106 F.3d 397 (5th Cir. Jan. 13, 1997) (unpublished opinion) (per curiam).[4]

Following remand, the district court revoked Patton's IFP status. The court concluded that because Patton had filed at least five actions that had been dismissed as frivolous, he was barred by § 1915(g) from proceeding IFP. The court held that Patton's complaint against Detective Rushing would be dismissed with prejudice unless Patton paid the appropriate filing fee within 30 days. Patton objected to the order and did not pay the fee. The district court overruled Patton's objections and dismissed his lawsuit for failure to prosecute. Patton later moved for leave to pay a partial filing fee and to continue his case in the district court IFP. The district court construed the motion as a notice of appeal and a motion to proceed IFP on appeal. Based on its prior decision revoking Patton's IFP status pursuant to the PLRA's "three strikes" provision, the court denied Patton's requests for leave to appeal IFP and to pay a partial filing fee.

---

[4]We remanded for reconsideration in light of *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 112-13 (4th Cir. 1988), in which the Fourth Circuit held that an indefinite stay should only be considered as a last resort after all other alternatives, such as securing the prisoner's presence at trial and trial by deposition, have been rejected. *Id.*, slip op. at 1.

Patton appeals the orders dismissing his action and denying him leave to appeal. He also moves for leave to appeal IFP and to appeal upon payment of a partial filing fee.

II

The PLRA contains a so-called "three strikes" provision, which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). We must decide whether Patton already had three strikes against him prior to filing the instant appeal.

One of the necessary strikes is easily discernible from the record. In *Patton v. New Orleans Police Dep't*, Civil Action No. 93-3074 (E.D. La. Nov. 17, 1993), Patton alleged that he had been the victim of an armed robbery. He sued two New Orleans police officers pursuant to § 1983, alleging that they violated his rights by failing to arrest the perpetrators. At the time he filed suit, Patton was incarcerated in a county detention center in Texas. Patton contended that the robbers attempted to intimidate him by contacting one of the officers and advising him that Patton was on probation in Texas. The officer then contacted Texas officials, obtained a copy of an outstanding arrest warrant, and arrested Patton when he appeared at the police station. Patton was also

- 4 -

told that he had no right to lodge a criminal complaint because of his probation and criminal record.

The district court dismissed the suit as frivolous pursuant to former § 1915(d)[5] because the decision whether to file criminal charges against an individual does not give rise to § 1983 liability and because Patton had not alleged a policy, pattern, or practice of such inaction on the part of New Orleans as a municipality. Patton did not appeal the dismissal, and it became a countable strike. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996) ("We accordingly read dismissals under the [PLRA] to include only those for which an appeal has been exhausted or waived."). It is of no consequence that this strike (or, for that matter, the others that we address in this opinion) occurred prior to the effective date of the PLRA. *See id.* at 387 (applying "three strikes" provision to pre-PLRA district court dismissal of § 1983 action as frivolous); *accord Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997); *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.2d 143, 144 (3d Cir. 1997) (per curiam)(collecting cases).

### III

We next consider whether a § 1983 action that is in part dismissed as frivolous, and is in part construed as a habeas claim, which is dismissed without prejudice for failure to exhaust state court remedies, is a countable strike.

### A

___

[5]Before passage of the PLRA, § 1915(d) authorized the dismissal of frivolous or malicious actions. *Carson v. Johnson*, 112 F.3d 818, 819 n.1 (5th Cir. 1997).

In *Patton v. Mamoulides*, Civil Action No. 94-3311-I (E.D. La. Nov. 16, 1994), Patton brought a § 1983 action against a district attorney and an assistant district attorney, alleging that they had denied him his constitutional right to a speedy trial. The district court[6] examined Patton's complaint *sua sponte* to ascertain whether it should be construed as a petition for habeas corpus. Because Patton was attacking the fact and length of his confinement, the court concluded that he was seeking both habeas and § 1983 relief. Based on its determination that Patton had not exhausted his state court remedies, the court concluded that his habeas claim should be dismissed without prejudice for failure to exhaust.

The court dismissed Patton's § 1983 claim as frivolous pursuant to former § 1915(d). Applying *Heck v. Humphrey*, 512 U.S. 477 (1994), as construed in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994) (per curiam), the court held that the action must be dismissed because defendants were entitled to absolute prosecutorial immunity.[7] "Plaintiff's § 1983 complaint against

---

[6]Following *de novo* review, the district judge adopted as his own opinion the report and recommendation of the magistrate judge. All references to the holdings of the district court are to rulings of the magistrate judge adopted by the district judge.

[7]This approach was proper. *See Littles v. Board of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995)(per curiam)(holding that even if complaint is subject to dismissal under *Heck*, it remains appropriate for district court to resolve question of immunity before reaching *Heck* analysis); *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995)(per curiam)(holding that despite applicability of *Heck*, district court may consider doctrine of absolute immunity as threshold matter in making § 1915(d) frivolousness determination)

defendants is frivolous under the broadest reading [of his complaint] since the allegations clearly lack an arguable basis in law." (footnote and citation omitted). Patton did not appeal the dismissal.

In *Patton v. Machado*, No. SA-95-CV-672 (W.D. Tex. 1995), *aff'd*, No. 95-50785, 82 F.3d 414 (5th Cir. Mar. 12, 1996)(unpublished opinion) (per curiam), Patton, at the time a Texas state prisoner, brought a § 1983 suit against a state judge and two assistant district attorneys. He had been convicted for cocaine possession, for which he received deferred adjudication. The State of Texas later moved to adjudicate Patton's guilt after he was convicted in Louisiana on a misdemeanor charge of stalking and telephone harassment. Following a hearing, the state court granted the motion.

While awaiting sentencing, Patton filed a § 1983 action in federal court, seeking only injunctive relief in the form of a stay of the criminal proceedings and the recusal of the state judge. In response to a questionnaire, Patton alleged that the state judge and prosecutors had conspired with non-parties to deprive him of his rights. He also complained that the judge had violated his rights by certain acts and omissions committed during or in connection with the adjudication proceeding, and that the assistant district attorneys had infringed his rights by several acts taken in prosecuting him.

The magistrate judge recommended dismissal of the claims against the state judge and prosecutors based on judicial and

prosecutorial immunity, respectively. Relying on *Heck*, the magistrate judge concluded that Patton could not collaterally attack his conviction in a § 1983 action, and recommended that his request for injunctive relief be denied.

The magistrate judge also recommended that Patton be sanctioned for filing a frivolous suit.[8] Patton had previously filed three civil rights suits in that federal court, two of which he had voluntarily dismissed after the defendants answered, and a third (against his probation officer) that the magistrate judge had recommended be dismissed as frivolous. The magistrate judge noted that he had already advised Patton that he could be sanctioned for filing frivolous cases. The district judge adopted the recommendation, dismissed the case as frivolous, and imposed the suggested sanctions.

On appeal, we affirmed the dismissal of the complaint as frivolous, "although in part for reasons other than those stated by the district court," and affirmed the district court's order imposing sanctions. *Machado*, 95-50785, slip op. at 2. We held that because Patton's complaint sought only injunctive relief challenging the constitutionality of his confinement, it necessarily was construed as a petition for habeas corpus, and that Patton must exhaust state remedies before seeking federal court relief. *Id.* We concluded that "[t]he district court's reliance on

_____

[8]He recommended that the district judge impose court costs and warn Patton that further frivolous lawsuits could result in more severe monetary sanctions, an order barring Patton from filing other lawsuits without obtaining leave from a district or circuit judge, or a combination of these sanctions.

the doctrine of absolute immunity was inappropriate because Patton's complaint had sought injunctive relief only, not damages." *Id.* Insofar as Patton's complaint sought to set aside his conviction or sentence, we modified the dismissal to be without prejudice based on his failure to exhaust state remedies. *Id.*

B

We hold that the dismissals of Patton's § 1983 actions in *Mamoulides* and *Machado* are strikes within the meaning of § 1915(g).[9]

In *Mamoulides* Patton sued two prosecutors pursuant to § 1983, contending they were liable for denying him his constitutional right to a speedy trial. The district court dismissed the § 1983 claim with prejudice, finding it was frivolous based on prosecutorial immunity. An unappealed dismissal as frivolous is unquestionably a strike within the meaning of § 1915(g).

That the district court also construed Patton's complaint as seeking habeas relief, and then dismissed the claim without prejudice for failure to exhaust state court remedies, does not alter this conclusion. The court did not find that the habeas claim was *non*-frivolous. It simply performed the required function of determining whether Patton's § 1983 complaint contained both habeas and § 1983 claims, in which case "the district court should separate the claims and decide the § 1983 claims." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)(per curiam)(addressing § 1983

_____

[9]Section 1915(g) uses the term "prior occasions" rather than "strikes." We use the vernacular associated with this section of the PLRA.

action challenging parole review procedures); *see Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) (noting distinction between claims that must initially be pressed by writ of habeas corpus and those that may be brought pursuant to § 1983); *Serio v. Members of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) (holding that "in instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims."). Although the dismissal without prejudice of the habeas claim does not equate to a finding of frivolousness, it more closely parallels such a conclusion than it does a determination of non-frivolousness. It is a considered judgment that Patton asserted in his § 1983 suit a habeas claim that was premature as a matter of law.

The district court's dismissal in *Machado* is also a strike. We affirmed the dismissal of the § 1983 suit as frivolous and the sanction order. "It is straightforward that affirmance of a district court dismissal as frivolous counts as a single 'strike.'" *Adepegba*, 103 F.3d at 387.

That we modified the dismissal to be without prejudice, insofar as Patton's complaint sought to set aside his conviction or sentence, does not remove the § 1983 dismissal from the purview of the PLRA's "three strikes" provision. In *Machado*, as in *Mamoulides*, there was no determination that Patton's habeas claim

- 10 -

was colorable.  *Machado* held that Patton's complaint, in which he sought only injunctive relief, necessarily was construed as a petition for habeas relief, that he must exhaust state remedies before seeking such relief in federal court, and that insofar as his complaint was an attempt to set aside his conviction or sentence, the dismissal must be modified to be without prejudice based on failure to exhaust.  *Machado*, No. 95-50785, slip op. at 2.

Nor do we think it proper to excuse the *Machado* dismissal from the "three strikes" bar based on the fact that we affirmed "in part for reasons other than those stated by the district court," and held that the district court's reliance on the doctrine of absolute immunity was "inappropriate."  We explicitly affirmed the dismissal of the § 1983 suit as frivolous.  The suit was so frivolous that despite our adoption of reasoning different from that of the district court, and our modification of the dismissal to be in part without prejudice, we affirmed the district court's sanction order. In any event, we did not reverse the district court's determination that Patton's § 1983 action should be dismissed as frivolous.  *Cf. Adepegba*, 103 F.3d at 387 (holding that "reversal of a dismissal as frivolous nullifies the 'strike.'").

C

There is no compelling reason to excuse Patton's frivolous § 1983 actions in *Mamoulides* and *Machado* from the reach of the PLRA's "three strikes" proviso simply because the cases included unexhausted habeas claims.  It is more faithful to the intent of the PLRA to classify these dispositions as strikes.  "Congress

- 11 -

enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file suits." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Were we to hold otherwise, litigious prisoners could immunize frivolous lawsuits from the "three strikes" barrier by the simple expedient of pleading unexhausted habeas claims as components of § 1983 suits. We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions.

IV

Patton maintains in his motion for leave to appeal that the district court's order denying him such leave violated § 1915(b)(4), which provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." We disagree. Section 1915(b)(4) pertains to the initial partial filing fee requirement of § 1915(b)(1). Moreover, it is subject to the "three strikes" rule of § 1915(g), which applies to § 1915 as a whole.

In his supporting affidavit, Patton asserts that he is not barred by § 1915(g) from bringing this appeal because "he has no causes dismissed as frivolous since the passage of the PLRA." This argument is foreclosed by *Adepegba*, which applies the PLRA to cases dismissed prior to its enactment. *Adepegba*, 103 F.3d at 387. He also points out that his present action challenges an

unconstitutional lockdown. In *Carson v. Johnson*, 112 F.3d 818 (5th Cir. 1997), however, we held that the fact that the plaintiff was challenging administrative segregation did not entitle him to a waiver of the filing fees. *Id.* at 821.

Patton has presented no basis to avoid the insuperable bar of § 1915(g). He may, of course, file appeals after paying the required filing fee, as must other litigants. He may also litigate actions that involve imminent danger of serious physical injury. *Adepegba*, 103 F.3d at 388; *Carson*, 112 F.3d at 823.

\*     \*     \*

Prior to the date Patton brought the present appeal, he already had three strikes against him. We therefore DENY his motion to proceed IFP and DISMISS the appeal.

DISMISSED.