IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60180
USDC No. 1:99-CV-59-RG
_____

JEFFREY D. GALLAND,

Petitioner-Appellant,

versus

MISSISSIPPI DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
--------------------

September 13, 1999

Before POLITZ, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jeffrey Galland, Mississippi prisoner # R3160, has filed a motion for a certificate of appealability (COA) to appeal the district court's dismissal of Galland's 28 U.S.C. § 2254 petition without prejudice for failure to exhaust state remedies. Galland's petition contained both habeas claims (his challenges to his various sentencings, his rule violation report, the condition of his sentence that he had to marry or have his house arrest revoked, and the revocation of his house arrest) and a 42 U.S.C. § 1983 claim (his assertions that he was not allowed to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

attend Sunday services).  We construe his request for COA as both a request for COA for his habeas claims and an appeal of the dismissal of his civil rights claims.

To obtain a COA to appeal the dismissal of his habeas claims for failure to exhaust, Galland must make a credible showing of that he exhausted state remedies.  See Murphy v. Johnson, 110 F.3d at 10, 11 (5th Cir. 1997).  Galland has not made such a showing, and his request for COA is denied.

With respect to Galland's civil rights claim, the district court should have separated out the § 1983 claim and addressed it.  See Patton v. Jefferson Correctional Center, 136 F.3d 458, 463-64 (5th Cir. 1998) (when a § 2254 petition contains both habeas and § 1983 claims, the district court should separate the claims); see also United States v. Santora, 711 F.2d 41, 42 n.1 (5th Cir. 1983) (the essence of a claim dictates the type of claim it is as opposed to the title affixed to the pleading).

Accordingly, Galland's request for COA to appeal the dismissal of his habeas claims is DENIED.  The district court's dismissal of Galland's civil rights claim is VACATED, and the case is REMANDED for further proceedings.  Galland's motion to expedite his appeal is DENIED.