IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11193
Conference Calendar
_____

JOHNNY E. VALDERAS,

                                             Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                             Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-1009-Y
--------------------
February 13, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Johnny E. Valderas, Texas prisoner # 499117, filed in the
district court a pleading styled as a 28 U.S.C. § 2254 petition,
raising claims which attacked the validity of his continued
incarceration and claims challenging his being forced to work at
hard labor at the prison without compensation.  The district
court correctly treated the former claims as arising under 28
U.S.C. § 2254 and the latter claims as arising under 42 U.S.C.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1983. See Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 460 (5th Cir. 1998). It dismissed the 28 U.S.C. § 2254 claims as time-barred, pursuant to 28 U.S.C. § 2244(d) and dismissed the 42 U.S.C. § 1983 claims under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Valderas now seeks a certificate of appealability ("COA") to appeal the dismissal as time-barred of his 28 U.S.C. § 2254 claims and challenges the dismissal of his 42 U.S.C. § 1983 claims.

Valderas renews his argument that the respondent's failure to release him mandatory supervision violates his due-process and equal-protection rights. Because he has failed to show that reasonable jurists would find debatable whether the district court erred in dismissing these claims as time-barred, COA is DENIED as to Valderas' 28 U.S.C. § 2254 claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 584 (2000).

Valderas also renews his 42 U.S.C. § 1983 claims that the being forced to work without compensation violates the Eighth Amendment, the Fair Labor Standards Act ("FLSA"), and the Thirteenth Amendment. The Eighth Amendment claim is wholly without merit because Valderas has not made any allegation that prison officials were deliberately indifferent to his physical condition in assigning his work detail. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). Even if it is assumed that FLSA coverage extends to inmates, Valderas' FLSA claim fails because his sentence included the requirement that he work at hard labor. See Watson v. Graves, 909 F.2d 1549, 1553 n.7 (5th Cir. 1990); Wendt v. Lynaugh, 841 F.2d 629, 620 (5th Cir.. 1988);

Tex. Civ. Stat. art. 6166x (now repealed). Valderas' claim that his forced labor constitutes involuntary servitude in violation of the Thirteenth Amendment claim fails for the same reason. See Watson, 909 F.2d at 1552; Wendt, 841 F.2d at 620. Accordingly, the district court's judgment on the 42 U.S.C. § 1983 claims is AFFIRMED.

COA DENIED; JUDGMENT AFFIRMED.