IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10803
Conference Calendar
_____

TOMMY EARL JORDAN,

                                              Plaintiff-Appellant,

versus

JOHN NELMS, Trial Judge of the 195th District Court;
WILLIAM HILL, District Attorney of Dallas County; EMILY DEVAUGHN,
Loss Prevention Officer; DAVIS NORWOOD, Loss Prevention Officer;
RUSS HENRICHS, Court Appointed Attorney; PATRICK KIRLIN,
Assistant Chief Prosecutor, WHITE MALE, Assistant Prosecutor;
HISPANIC MALE, Assistant Prosecutor,

                                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-1043-M
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Tommy Earl Jordan, Texas prisoner # 730527, appeals the
dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant
to 28 U.S.C. § 1915(e)(2).  We review the dismissal of his
complaint for an abuse of discretion.  See Siglar v. Hightower,
112 F.3d 191, 193 (5th Cir. 1997).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

To recover damages for an allegedly unconstitutional conviction or imprisonment, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed or otherwise declared invalid. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Jordan has not established that an authorized tribunal or executive body has overturned or otherwise invalidated his conviction, and, therefore, his civil rights claims are not cognizable under 42 U.S.C. § 1983. See id. at 487. Consequently, the district court did not abuse its discretion in dismissing the complaint as frivolous.

Jordan's appeal is without arguable merit and is dismissed. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Jordan has also had a second civil rights suit dismissed as frivolous. See Jordan v. Dallas County, Texas, No. 95-CV-590 (N.D. Tex. Sept. 30, 1997); Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 463-64 (5th Cir. 1998). Jordan has thus accumulated three "strikes" under 28 U.S.C. § 1915(g). He is BARRED from bringing any civil action or appeal in forma pauperis while he is incarcerated or detained in

any facility unless he shows that he is under imminent danger of serious physical injury.

APPEAL DISMISSED; ALL OUTSTANDING MOTIONS DENIED; THREE-STRIKES BAR IMPOSED.