United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-10780
Conference Calendar

———————————

RORY CORNILUS PARKER,

Plaintiff-Appellant,

versus

S. MEYERS,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-802-M
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rory Cornilus Parker, Texas prisoner # 652714, has moved
this court for leave to proceed *in forma pauperis* (IFP) in an
appeal from the district court's dismissal of his 42 U.S.C.
§ 1983 suit.  In denying Parker's motion to proceed IFP on
appeal, the district court certified under 28 U.S.C. § 1915(a)(3)
and Fed. R. App. P. 24(a) that the appeal is not taken in good
faith because it presents no legal points of arguable merit.  By
moving to appeal IFP, Parker has challenged the district court's

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

certification.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

The district court adopted the reason for dismissing Parker's suit when it certified that the appeal was not taken in good faith.  Parker argues that (1) the district court erroneously denied him IFP because the unit law library clerk did not enclose his IFP application, (2) the district court failed to take notice of the fact that he was convicted of a lesser included offense, (3) he is being punished cruelly and unusually, and (4) the district court denied him IFP because he is *pro se* while "the defendant is a public servant."  By failing to direct his motion solely to the district court's reason for the certification decision, however, Parker has effectively abandoned the only issue that is properly before this court.  See Baugh, 117 F.3d at 202; Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal counts as a strike under 28 U.S.C. § 1915(g).  See Patton v. Jefferson Correctional Center, 136 F.3d 458, 461, 463-64 (5th Cir. 1998).  Parker has a strike already.  Parker v. Moreno, 3:01-CV-072 (N.D. Tex. 2002); see Patton, 136 F.3d at 463-64.  Parker is warned that, if he accumulates three strikes pursuant to 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is

incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.