United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10914
Conference Calendar

_____

DAVID LAUER,

                                        Plaintiff-Appellant,

versus

WARDEN TREON; DIRECTOR TEXAS DEPARTMENT OF
CRIMINAL JUSTICE INSTITUTIONAL DIVISION; NFN
WATHEN, Assistant Warden; NFN MOONEYHAM; JOHN
DOE, A-B; NFN RANJEL; NFN HARDIGREE, Sergeant;
NFN CONTAREZ, Lieutenant; NFN SELZMAN, Correctional
Officer; NFN STEWART, Correctional Officer; NFN MONROE,
Correctional Officer; NFN STOCKER, Correctional
Officer; NFN MILBERN, Mail Room Supervisor; NFN FORD,
Law Library Supervisor; NFN WILSON, Physician
Assistant; NFN POTTER, Doctor; DR. KALMANOV; NFN WRIGHT,
Classifications,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:03-CV-140
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     David Lauer, Texas prisoner # 1069082, has moved this court

for leave to proceed *in forma pauperis* (IFP) in an appeal from

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the district court's dismissal of his 42 U.S.C. § 1983 suit.  In denying Lauer's motion to proceed IFP on appeal, the district court certified under 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a) that the appeal is not taken in good faith because Lauer did not obtain permission from the court to file the underlying suit.  By moving to appeal IFP, Lauer has challenged the district court's certification.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

The district court adopted the reason for dismissing Lauer's suit when it certified that the appeal was not taken in good faith.  The district court did not err in certifying the appeal was not taken in good faith or in dismissing Lauer's 42 U.S.C. § 1983 suit.  In the Western District of Texas, Lauer is barred from initiating any new civil action without first obtaining leave of the court.  We have previously affirmed sanctions of this sort.  See Murphy v. Collins, 26 F.3d 541, 544 (5th Cir. 1994).  Further, Miscellaneous Order No. 48 (N.D. Tex.) permits each federal district court in Texas to honor the sanctions imposed by another federal court in Texas.  See Balawajder v. Scott, 160 F.3d 1066, 1068 (5th Cir. 1998).

Because Lauer has not shown that his appeal will present legal points arguable on their merits, IFP is DENIED and the appeal is DISMISSED AS FRIVOLOUS.  See Baugh 117 F.3d at 202; Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR.

R. 42.2.  The dismissal of this appeal counts as a strike under 28 U.S.C. § 1915(g).  See Patton v. Jefferson Correctional Center, 136 F.3d 458, 461, 463-64 (5th Cir. 1998).  Lauer has one strike already.  Lauer v. Frasier, 1:01-CV-072 (W.D. Tex. 2001); see Patton, 136 F.3d at 463-64.  Lauer is warned that, if he accumulates three strikes pursuant to 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.