United States Court of Appeals

Fifth Circuit

**F I L E D**

**April 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10784
Conference Calendar

RORY CORNILUS PARKER,

Plaintiff-Appellant,

versus

J.R. MORENO,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-803-H
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Rory Cornilus Parker, Texas prisoner # 652714, has moved this court for leave to proceed in forma pauperis (IFP) in an appeal from the district court's dismissal of his 42 U.S.C. § 1983 suit. In denying Parker's motion to proceed IFP on appeal, the district court certified under 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a) that the appeal is not taken in good faith because it presents no legal points of arguable merit. By moving to appeal IFP, Parker has challenged the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certification.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Parker asserts that the district court denied his IFP motion because the prison law library did not enclose his trust fund account information and the district court did not accept his financial status as true.  He also maintains that his poverty entitles him to proceed IFP under the Prison Litigation Reform Act.  He offers no arguments related to the merits of the district court's dismissal of his civil rights complaint as frivolous pursuant to 28 U.S.C. § 1915(e).  By failing to address the district court's reason for the certification decision, Parker has effectively abandoned the only issue that is properly before this court.  See Baugh, 117 F.3d at 202; Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal counts as a strike under 28 U.S.C. § 1915(g).  See Patton v. Jefferson Correctional Ctr., 136 F.3d 458, 461, 463-64 (5th Cir. 1998).  Parker previously had two strikes.  See Parker v. Meyers, No. 03-10780 (5th Cir. Dec. 10, 2003) (unpublished).  Parker is BARRED from proceeding in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; BAR IMPOSED.