United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30832
Conference Calendar

_____

ELSTON ROBERTSON,

                              Plaintiff-Appellant,

versus

FRANK BRINDISI,

                              Defendant-Appellee.

--------------------

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-1819-L

--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Elston Robertson, Louisiana prisoner # 104013, appeals
the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and
for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).
The district court held that Robertson's § 1983 claim was barred
by both prosecutorial immunity and Heck v. Humphrey, 512 U.S. 477
(1994).  Robertson has failed to brief the district court's Heck
determination, and, therefore, that issue is waived and

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreviewable.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  He consequently cannot show the district court's resolution of his claims to be erroneous.

Robertson's appeal therefore lacks arguable merit and is dismissed as frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Robertson is warned that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal.  See Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 463-64 (5th Cir. 1998).  We warn Robertson that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

The district court construed Robertson's challenge to his confinement as a request for 28 U.S.C. § 2254 relief, and his notice of appeal was construed by this court as an appellate request for a certificate of appealability (COA) to appeal the dismissal of his habeas claims for failure to exhaust state court remedies.  See Robertson v. Brindisi, No. 03-30832 (5th Cir. Mar. 10, 2004) (unpublished).  Robertson, however, has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling."

See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  His COA request

is therefore DENIED.

APPEAL DISMISSED; STRIKE WARNING ISSUED; COA DENIED.