IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2007

Charles R. Fulbruge III
Clerk

No. 06-20860
Summary Calendar

BILLY HOLMES, also known as Billy Richards

Plaintiff-Appellant

v.

JUSTIN SOWARD, Parole Officer; ULANZALI BURTON; GERALD GARRETT, Director, Texas Department of Criminal Justice Parole Division; TEXAS DEPARTMENT OF CRIMINAL JUSTICE PAROLE DIVISION; TOMMY THOMAS; CHARLES RAY HEARN; JANIE COCKRELL; TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; EARNESTINE JACKSON

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-2037

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Billy Holmes, Texas prisoner # 306701, moves this court for a writ of mandamus and for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 suit. His pleadings are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

construed as a motion to proceed IFP on appeal and as a brief in support of his motion to proceed IFP on appeal. Holmes is challenging the district court's denial of IFP and its certification that his appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

In Holmes v. Johnson, No. 97-20855 (5th Cir. April, 27, 1998), Holmes was barred "from filing any pro se, in forma pauperis civil appeal in this court without the prior written approval of an active judge of this court." Given the bar, the district court did not err in denying Holmes permission to proceed IFP on appeal. Moreover, Holmes makes only a conclusory assertion to this court that the issues he wishes to raise on appeal are nonfrivolous, and he does not address the district court's reasons for dismissing his § 1983 claims. Although Holmes is correct that the district court should have construed his postjudgment motion as a FED. R. CIV. P. 59(e) motion, he does not address the district court's reasons for denying that motion. Accordingly, any challenge to the reasons for the district court's dismissal of his § 1983 suit or to the reasons for its denial of his postjudgment motion has been abandoned. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Because Holmes fails to identify what information outside his complaint was relied upon in the district court's decision, Holmes has failed to adequately brief that issue, and it is also deemed abandoned. See id. Finally, Holmes's argument that the district court could not consider his third IFP motion because his notice of appeal had already been filed is without merit. This court retained jurisdiction over the case during the limited remand of the case to the district court for an IFP ruling. See e.g., Donaldson v. Ducote, 373 F.3d 622 (5th Cir. 2004).

Holmes has failed to show that his appeal involves "'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). His motion to proceed IFP on appeal is therefore denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The district court's dismissal of Holmes's civil rights suit based

upon this court's bar and, alternatively, pursuant to 28 U.S.C. § 1915A, counts as a strike for purposes of 28 U.S.C. § 1915(g). See Patton v. Jefferson Correctional Ctr., 136 F.3d 458, 461-64 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996); see also Boles v. Matthews, 173 F.3d 854, 1999 WL 183472 (6th Cir. 1999). This court's dismissal of his appeal in the present case as frivolous also counts as a strike for purposes of § 1915(g). Holmes has previously accumulated one strike for our affirmance, see Holmes/Richards v. Garcia, No. 96-20395 (5th Cir. Oct. 18, 1996), of the district court's dismissal of Holmes/Richards v. Garcia, No. H-93-1577 (S.D. Tex. Jan. 31, 1996). See Adepegba, 103 F.3d at 388. In addition, the dismissal of Richards v. Bacarisse, No. 03-CV-3170 (S.D. Tex. Aug. 22, 2003), counts as a strike for purposes of § 1915(g). See Patton, 136 F.3d at 461-64; Adepegba, 103 F.3d at 385-87; see also Boles, 1999 WL 183472. Because Holmes has accumulated at least three strikes, he is barred under § 1915(g) from bringing a civil action or an appeal from a judgment in a civil action or proceeding under § 1915 unless he is under imminent danger of serious physical injury.

MOTIONS DENIED; APPEAL DISMISSED; SANCTION IMPOSED.