IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-50729
Conference Calendar

ROLAND S PERKINS

Plaintiff-Appellant

v.

FNU NOGLE, San Antonio Police Department Officer; FNU LAND, San Antonio Police Department; FNU SAULTER, San Antonio Police Department; POLICE CHIEF MCMANUS; BEXAR COUNTY ADULT DETENTION CENTER COMMISSARY, Premier Management Enterprise; APPEAL MANAGEMENT CENTER; FNU FULLER

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-292

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Roland S. Perkins, Texas prisoner # 704129, has moved for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 lawsuit as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii). The

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court denied Perkins IFP status on appeal and certified that the appeal was not taken in good faith under § 1915(a)(3).

By moving for leave to proceed IFP, Perkins is challenging the district court's certification that the appeal is not taken in good faith. Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Probable success on the merits is not required. Id.

Perkins argues that he lacks funds to pursue his appeal, but he fails to brief any argument regarding the district court's certification decision or, in particular, its dismissal of his § 1983 lawsuit as frivolous and for failure to state a claim upon which relief can be granted. Failure to identify any error in the district court's analysis is the same as if the appellant had not appealed the judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Perkins has thus abandoned any challenge to the district court's denial of IFP on appeal. See Brinkmann, 813 F.2d at 748. Accordingly, we deny his IFP motion, and we dismiss his appeal as frivolous. See 5TH CIR. R. 42.2; Baugh, 117 F.3d at 202 & n.24; Howard, 707 F.2d at 220.

The district court's dismissal of Perkins's § 1983 lawsuit as frivolous and for failure to state a claim pursuant to § 1915(e)(2)(B)(i)-(ii) and our dismissal of this appeal as frivolous both count as strikes for purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Perkins previously accumulated a strike in another case. Perkins v. Blackwell, No. C-960526 (S.D. Tex. May 20, 1998), aff'd sub nom. Perkins v. Dial, No. 98-40798, 2000 WL

1598085 (5th Cir. Oct. 4, 2000) (unpublished); see Adepegba, 103 F.3d at 387; Patton v. Jefferson Correctional Ctr., 136 F.3d 458, 461-64 (5th Cir. 1998).  As Perkins has now accumulated three strikes, he is barred from proceeding IFP while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury."  § 1915(g).

MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.