# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2010

No. 10-20225
Summary Calendar

Lyle W. Cayce
Clerk

CLYDE NUBINE,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2313

Before BENAVIDES, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Clyde Nubine, Texas prisoner # 398312, has moved for a certificate of
appealability to challenge the district court's denial of relief on his 28 U.S.C.
§ 2254 petition, in which Nubine challenged a disciplinary conviction. Nubine
has also moved to proceed in forma pauperis (IFP) on appeal.

To obtain a COA, Nubine must make "a substantial showing of the denial
of a constitutional right." 28 U.S.C. § 2253(c)(2). For claims dismissed on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

procedural grounds, Nubine must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To the extent the dismissal was on the merits, he must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.

Nubine reiterates his contention that policymakers at the Texas Department of Criminal Justice are engaged in a conspiracy to violate his rights. Nubine, however, does not address the district court's contention that the conspiracy claim is unexhausted and procedurally barred from federal habeas review. Nubine has therefore abandoned the issue for purposes of his COA application. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Nubine argues that the district court erred by refusing to allow him to conduct discovery with respect to his habeas claims. He also contends that his due process rights were violated in connection with his loss of 23 days of good time credits as a result of his disciplinary conviction. As to the above issues, a COA is denied because Nubine has failed to make a substantial showing of the denial of a constitutional right. *See Slack*, 529 U.S. at 484. Nubine's motion to proceed in forma pauperis on appeal is also denied.

Although the district court treated Nubine's filings solely as a habeas petition, Nubine also made allegations regarding a conspiracy to violate his civil rights and he raised complaints about the temperature in the area he was confined and the food he was being served. Nubine asserts that his district court filings set forth claims regarding the conditions of his confinement that were

2

cognizable under 42 U.S.C. § 1983. Additionally, he contends that the allegations as to a conspiracy "should not have gone unanswered" by the district court. Giving his pro se filings the benefit of liberal construction, *see Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993), Nubine is arguing that it was error for the district court not to have addressed his civil rights claims.

Where a habeas petition contains both habeas claims and civil rights claims properly brought pursuant to 42 U.S.C. § 1983, the district court should separate out the § 1983 claims and address them. *See Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998). As the district court did not separate and address Nubine's § 1983 claims, we will vacate the judgment to the extent it dismissed such claims and remand the civil rights claims for further proceedings.

COA DENIED AS TO HABEAS CLAIMS; IFP DENIED; DISMISSAL OF CIVIL RIGHTS CLAIMS VACATED; REMAND FOR FURTHER PROCEEDINGS AS TO CIVIL RIGHTS CLAIMS.