# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2012

No. 12-30471
Summary Calendar

Lyle W. Cayce
Clerk

LEONARD C. RHODES,

Plaintiff-Appellant

v.

FREDDIE JACKSON, Lieutenant; DOCTOR MATTHEW GAMBLE; HOWARD
PRINCE, Warden; JAMES DULANEY; CLAY WILLIAMS; FREDERICK
BOUTTE, Assistant Warden; JASON RUSS, Lieutenant,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-370

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Leonard C. Rhodes, Louisiana prisoner # 128585, moves for leave to
proceed in forma pauperis (IFP) on appeal. He filed a 42 U.S.C. § 1983
complaint against Warden Howard Prince, Assistant Warden Frederick Boutte,
Lieutenant Freddie Jackson, Lieutenant Jason Russ, Mental Health Director
Clay Williams, Assistant Medical Health Director James Dulaney, and Dr.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-30471

Matthew Gamble. He alleged that he was incarcerated in a mental health unit for treatment of his mental illnesses but was then transferred to a general population housing unit where he was assaulted by inmates. With the benefit of liberal construction, he alleged that Boutte, Jackson, and Russ manipulated Dr. Gamble into transferring him; defendants had other inmates assault him in retaliation for filing complaints; he has been sprayed with chemical agents; false disciplinary reports were made against him; Gamble was deliberately indifferent to his health and safety by authorizing his transfer; defendants conspired to transfer him; security housed him with an inmate who had previously assaulted him; and security failed to stop the assaults against him.

The district court dismissed the claims that defendants conspired to have Rhodes transferred, defendants had other inmates assault Rhodes in retaliation for filing complaints, Rhodes was sprayed with chemical agents, false disciplinary reports were made against Rhodes, and security housed Rhodes with an inmate who had previously assaulted him without prejudice for failure to exhaust administrative remedies and with prejudice to refiling these claims IFP; dismissed the remaining claims with prejudice; and denied Rhodes leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

By moving for leave to proceed IFP on appeal, Rhodes is challenging the district court's certification that his appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If we uphold the district court's certification that the appeal is not taken in good faith, the appellant must pay the filing fee or, alternatively, we may dismiss the appeal sua sponte under 5th Circuit Rule 42.2 if it is frivolous. *Baugh*, 117 F.3d at 202 & n.2; 5TH CIR. R. 42.2.

Rhodes does not challenge the district court's determinations that he failed to exhaust administrative remedies and failed to allege supervisory liability with respect to Prince, thereby abandoning any challenge to the district court's disposition of these claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Rhodes has failed to raise a nonfrivolous issue for appeal based on the dismissal of his claims that defendants manipulated Dr. Gamble into transferring him and that Gamble was deliberately indifferent to his health and safety. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Rhodes asserts that the district court failed to address his additional and distinct claims of "deliberate medical indifference, failure to protect and insure safety, and improper housing assignment." However, he has failed to demonstrate that these claims raise a nonfrivolous issue for appeal. *See id.*

The appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Rhodes's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of the claim against Russ as frivolous and for failure to state a claim upon which relief can be granted and the dismissal of this appeal as frivolous count as strikes under § 1915(g). *See* § 1915(g); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Rhodes is warned that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.