# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2013

No. 12-60518
Summary Calendar

Lyle W. Cayce
Clerk

GARY THOMAS,

Plaintiff-Appellant,

versus

KATHY KING JACKSON, Judge; AMONDA GALLE; TANYA HASBROUCH;
S.D. POROS, Clerk, Jackson County,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:12-CV-78

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gary Thomas, Mississippi prisoner # 28483, appeals the dismissal of his
*in forma pauperis* ("IFP"), *pro se* complaint, which raised claims pursuant to 42
U.S.C. § 1983 and 28 U.S.C. § 2254. The district court dismissed the § 1983
claims for failure to state a claim and noted a 28 U.S.C. § 1915(g) strike for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dismissal.  The court dismissed the § 2254 claims without prejudice for failure to exhaust.  On appeal, Thomas argues that his claim that his probation was erroneously revoked for misidentification is a cognizable § 1983 claim.

Because Thomas's complaint sought monetary damages and immediate release, the district court properly construed it as raising both § 2254 claims and § 1983 claims and properly analyzed both types.  *See Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987); *Preiser v. Rodriguez*, 411 U.S. 475, 494, 499-500 (1973).  Thomas has abandoned, by failing to challenge, the dismissal of his § 2254 claims.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Regarding his § 1983 claims, Thomas's assertion of false imprisonment implicates the validity of his probation revocation.  He has failed to establish that the probation revocation has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, so his claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *See McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

Thomas's appeal is without arguable merit and thus is frivolous.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  Therefore, it is DISMISSED.  *See* 5TH CIR. R. 42.2.  This dismissal counts as a strike under § 1915(g), as does the district court's dismissal of the complaint.  *See* § 1915(g); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

We have also dismissed as frivolous Thomas's appeal in *Thomas v. Epps*, No. 12-60566.  Our dismissal of that appeal counts as a strike, and the district court's dismissal of the complaint that is the subject of that appeal also counts as a strike.  Accordingly, Thomas has accumulated more than three strikes and he is now barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).