# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2015

Lyle W. Cayce
Clerk

No. 15-20107
Summary Calendar

CARLOS LOVE,

Plaintiff-Appellant

v.

KELLY J. SIEGLER,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-3583

Before DAVIS, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

Carlos Love, Texas prisoner # 582511, appeals the district court's dismissal for failure to state a claim of his 42 U.S.C. § 1983 complaint. According to Love, Harris County Assistant District Attorney Kelly J. Siegler violated a plea agreement with him by filing a false offense report with the Texas Department of Correctional Justice (TDCJ) and the Board of Pardons and Paroles. Love contends that Siegler acted beyond the scope of her duties

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a prosecutor when she falsely identified him as a sex offender in the offense report.

The offense report which Love submitted with his complaint allegedly showing that Siegler acted beyond the scope of her authority and filed false charges against him supports neither assertion. The affidavit Love submits of the Director of Classification and Records for the Correctional Institutions Division of the TDCJ similarly fails to support his claims against Siegler. Rather, the affidavit indicates only that prison authorities have reviewed and will correct Love's records to eliminate erroneous references to a sexual assault of the victim by Love. Even under de novo review, therefore, Love fails to show error in the district court's conclusion that his complaint contained insufficient factual matter to state a claim for relief against Siegler that was plausible on its face. *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Johnson v. Kearns*, 870 F.2d 992, 997-98 (5th Cir. 1989). The judgment of the district court is AFFIRMED.

The district court's dismissal of Love's § 1983 complaint for failure to state a claim counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Love has filed previously two § 1983 complaints that the district court dismissed for failure to state a claim and for lack of jurisdiction to award monetary damages against the defendants in their official capacities. *See Love v. Owens*, No. 1:13-CV-574, slip op. at 1-2 (W.D. Tex. Mar. 25, 2015); *Love v. Jenkins*, No. 1:13-CV-568, slip op at 1-2 (W.D. Tex. Mar. 25, 2015); *see also Patton v. Jefferson Correctional Center*, 136 F.3d 458, 463-64 (5th Cir. 1998). Therefore, Love has accumulated three strikes for purposes of § 1915(g), and the 28 U.S.C. § 1915(g) bar is IMPOSED. As a result, Love is prohibited from proceeding in forma pauperis in any civil

No. 15-20107

action or appeal that is filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).