United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 05-40856
Summary Calendar

———————————————

DARNELL SMITH,

Plaintiff-Appellant,

versus

PETER D. SCHAEFER, Law Library Administrator; CATHY L. MOORES,
Law Library Supervisor; JUAN A. GUTIERREZ, Laundry Manager III;
EILEEN KENNEDY, Assistant Warden; THOMAS J. PRASIFKA, Senior
Warden; GILBERT L. HERRERA, Grievance Investigator III; HILDA
SILVAS, Grievance Investigator II; DAVID R. DIAZ, Mailroom
Supervisor,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CV-331
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Darnell Smith, Texas prisoner number 666016, appeals the
district court's dismissal of his 42 U.S.C. § 1983 suit, which
was filed to seek redress for alleged acts of retaliation and
denial of his rights of access to courts and equal protection.
Smith argues that the district court improperly construed his
suit and erred by rejecting his myriad claims.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Smith contends that the district court misconstrued his filings and erred by dismissing his retaliation claims. Our review of the record reveals no such error. The district court's construction of Smith's claims is based on a reasonable reading of his voluminous pleadings. Further, the district court did not err by dismissing Smith's retaliation claims. Smith failed to allege facts from which retaliation could plausibly be inferred, and most of the adverse acts of which he complains are de minimis. See Morris v. Powell, 449 F.3d 682, 684-86 (5th Cir. 2006); Jones v. Greninger, 188 F.3d 322, 324-26 (5th Cir. 1999); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Smith has shown no error in connection with the district court's dismissal of his retaliation claims.

Smith likewise has shown no error concerning the district court's dismissal of his Equal Protection claim because his allegations concerning this claim do not show that the alleged improper acts that form the basis for his suit were motivated by racial animus. See Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001); Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997). Smith's challenge to the district court's dismissal of his claim that he was denied access to courts fails because he has not demonstrated prejudice in connection with the defendants' actions. See Lewis v. Casey, 518 U.S. 343, 351 (1996); McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998). To the extent Smith requests that state law claims

concerning "emotional and mental anguish" be allowed to proceed, he asserted no such claims in his complaint, nor does he allege that the district court erred by failing to consider such claims. Moreover, Smith does not reference such claims again in his brief, and they are appropriately deemed waived. See United States v. Beaumont, 972 F.2d 553, 563 (5th Cir. 1992) ("Failure of an appellant to properly argue or present issues in an appellate brief renders those issues abandoned."). The district court's judgment is affirmed.

The district court's dismissal of Smith's suit counts as a strike under the three-strikes provision of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Additionally, Smith garnered at least two other strikes when prior suits were dismissed. See Smith v. Pollunsky, No. C-99-501 (S.D. Tex. Mar. 16, 2000), aff'd, No. 00-40362 (5th Cir. Sept. 5, 2000); Smith v. Barrios, No. C-98-101 (S.D. Tex. Aug. 3, 1998), appeal dismissed, No. 98-41090 (5th Cir. 98-41090); see also Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 464 (5th Cir. 1998). Because Smith has at least three strikes under § 1915(g), he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See Adepegba, 103 F.3d at 388; § 1915(g).

AFFIRMED; 28 U.S.C. § 1915(g) BAR IMPOSED.