**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2012

No. 11-40717
Summary Calendar

Lyle W. Cayce
Clerk

CHARLIE FLENTROY,

Plaintiff-Appellant

v.

BLAKE LAMB, Disciplinary Hearing Officer; AMANDA W. PHILLIPS, Disciplinary Counsel Substitute,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:11-CV-21

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Charlie Flentroy, Texas prisoner # 1126349, moves to appeal in forma pauperis (IFP) from the dismissal of his pro se 42 U.S.C. § 1983 complaint. Flentroy alleged that the defendants violated his rights to equal protection and due process during a prison disciplinary proceeding that resulted in his conviction for sexual misconduct. The district court concluded that the complaint was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Edwards v. Balisok*, 520 U.S. 641, 648 (1997) because it challenged the validity of the prison disciplinary proceedings. The court also held that the claims against counsel substitute Phillips failed because she is not a state actor. The court held that the complaint was frivolous and failed to state a claim for which relief could be granted and dismissed it pursuant to 28 U.S.C. § 1915A(b)(1).

By moving to proceed IFP, Flentroy challenges the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). If we determine that the appeal is frivolous, we may dismiss it sua sponte. *Id.* at 202 n.24. In this case, we review de novo the dismissal of Flentroy's claims. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Flentroy argues that the district court's acceptance of a magistrate judge's recommendation was erroneous because he notified the court that he did not consent to proceed before the MJ. This contention is frivolous as the proceedings before the magistrate judge were conducted pursuant to 28 U.S.C. § 636(b), which does not require consent of the parties. Moreover, he has not shown that the district court erred by dismissing his substantive claims pursuant to § 1915A(b)(1). *Geiger*, 404 F.3d at 373.

As Flentroy has failed to identify a nonfrivolous issue for appeal, he has not shown that the district court erred in certifying that an appeal would not be taken in good faith. His motion for leave to proceed IFP is therefore DENIED and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

The dismissal as frivolous of the complaint in the instant proceeding counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Flentroy has accumulated at least two other § 1915(g) strikes, as he has had at least two prior cases dismissed with prejudice as frivolous or for failure to state a claim for relief. *See Flentroy v. Klock,* No. 9:11-CV-5 (E.D. Tex. June 23, 2011); *Flentroy v. Oliver*, No. 9:11-CV-7

No. 11-40717

(E.D. Tex. Feb. 8, 2011).  As Flentroy has accumulated three § 1915(g) strikes, he is BARRED from proceeding IFP in any new civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury."  § 1915(g). Flentroy is also WARNED that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions.  He should review all pending matters to ensure that they are not frivolous.

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED; § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.