# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40308

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2014

Lyle W. Cayce
Clerk

CHARLIE FLENTROY,

Plaintiff-Appellant

v.

RICK THALER, Individually and in his/her official capacity; BRAD LIVINGSTON, Individually and in his/her official capacity; NANCY MITCHELL, Individually and in his/her official capacity; RUTH BROUWER, Individually and in his/her official capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:13-CV-296

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Charlie Flentroy, Texas prisoner # 1126349, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). He also moves for the appointment of appellate counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40308

Our review of the cases relied upon by the district court confirms that Flentroy had at least three prior civil rights complaints or appeals dismissed as frivolous or for failure to state a claim and, thus, he has three strikes.  *See* § 1915(g); *Flentroy v. Klock*, No. 9:11-cv-5 (E.D. Tex. June 23, 2011); *Flentroy v. Oliver*, No. 9:11-cv-7 (E.D. Tex. Feb. 8, 2011); *Flentroy v. Lamb*, No. 9:11-cv-21 (E.D. Tex. May 24, 2011); *Flentroy v. Lamb*, 467 F. App'x 291, 291-92 (5th Cir. 2012).  Contrary to Flentroy's assertion, the partial dismissal of his § 1983 complaint as frivolous and for failure to state a claim in *Flentroy*, No. 9:11-cv-21, counts as a strike.  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996); *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-63 (5th Cir. 1998).

Flentroy has failed to demonstrate that he was under imminent danger of serious physical injury at the time that he sought to file his complaint in the district court, proceed with his appeal, or move to proceed IFP.  *See* § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  His allegation that he might be seriously injured at an indefinite point in the future if he has to travel in a Texas Department of Criminal Justice transportation van is insufficient to establish that he was in imminent danger of serious physical injury at the relevant time.  *See* § 1915(g); *Banos*, 144 F.3d at 884-85.

Thus, Flentroy's motion for leave to proceed IFP is DENIED.  His motion for appointment of counsel also is DENIED.  The appeal is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2.