# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2012

No. 12-10445
Summary Calendar

Lyle W. Cayce
Clerk

ISMAEL PADILLA,

Plaintiff-Appellant

v.

CRAIG WATKINS, District Attorney,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-2232

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ismael Hernandez Padilla, Texas prisoner # 356764, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his civil rights complaint in part without prejudice and in part with prejudice as frivolous. In dismissing the action, the district court certified that any appeal would not be taken in good faith, and in light of this certification, Padilla's IFP motion was deemed moot. By moving in this court for IFP status,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Padilla is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his submissions to this court, Padilla asserts that he was convicted in violation of a litany of his constitutional rights. However, he does not address the district court's reasons for its certification, namely, that Padilla lacked standing to bring one of his claims related to the denial of DNA testing, that his claims based on earlier requests for DNA testing were time barred, and that a claim alleging a civil conspiracy was time barred and unsupported by sufficient factual allegations. *See Baugh*, 117 F.3d at 202. Padilla, thus, has abandoned his challenge to the district court's certification decision. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Padilla's appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. The district court's dismissal of Padilla's complaint and this court's dismissal of his appeal both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996); *see also Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998) (determining that the dismissal of an action in part as a frivolous 42 U.S.C. § 1983 suit counted as a strike despite that the district court also construed the pleading as raising as a claim for postconviction relief and dismissed it without prejudice for failure to exhaust state court remedies). Padilla previously accumulated at least one strike and has now, therefore, accumulated at least three strikes. *See Padilla v. Jenkins*, No. 3:11-cv-3509 (N.D. Tex. Apr. 9, 2012) (unpublished). Accordingly, he is barred from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

IFP MOTION DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.