# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 3, 2013

Lyle W. Cayce
Clerk

No. 12-10467
Summary Calendar

ISMAEL HERNANDEZ PADILLA,

Plaintiff-Appellant

v.

LYNN PRIDE-RICHARDSON; CRAIG WATKINS, Dallas District Attorney; DANIEL F. SOLIS, State Appointed Attorney,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-486

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ismael Hernandez Padilla, Texas prisoner # 356764, moves for permission to proceed in forma pauperis (IFP) on his appeal of the district court's dismissal of his 42 U.S.C. § 1983 action. The district court denied his motion to proceed IFP, certifying that the appeal was not taken in good faith. By moving in this court for IFP status, Padilla is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Padilla, however, does not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

address the district court's reasons for its certification decision. Padilla's motion for leave to proceed IFP on appeal is therefore DENIED. Padilla's appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.

As we recognized on November 6, 2012, Padilla has accumulated at least three strikes for purposes of 28 U.S.C. § 1915(g). *Padilla v. Watkins*, 491 F. App'x 484, 485 (5th Cir. 2012). We have not applied the § 1915(g) bar here because Padilla filed this appeal before the bar was imposed. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir.1998). However, we reiterate that Padilla is barred from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).